IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BYRON A.K. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-001 |
| | ) | |
| DHS; DCSS; and RICHMOND COUNTY STATE COURT, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 21, 2024, Plaintiff commenced a miscellaneous case *pro se* by filing a document titled "Demand to Vacate a Void Order Issued by Person Who Is Not a Judge, In Latin Called Coram Non Judice That Lacks Jurisdiction to Issue a Judgment," (hereinafter "Demand to Vacate"), in which he sought to vacate a child support judgment against him. (See doc. no. 2.); see also Hall v. DHS et al., MC 124-017, doc. no. 1 (S.D. Ga. Nov. 21, 2024) (hereinafter "MC 124-017"). Plaintiff paid the $52.00 filing fee required to open a miscellaneous case. MC 124-017, doc. no. 1-2. On January 3, 2025, the Court directed the Clerk to open a new civil case using the "Demand to Vacate" in Plaintiff's miscellaneous case as the operative complaint and to terminate the miscellaneous case. (Doc. no. 2, pp. 1-2.) The Court further instructed the Clerk to issue a deficiency notice informing Plaintiff he must either pay the full $405.00 filing fee for a civil case, less the $52.00 already paid, or if he cannot pay the filing fee, submit a motion to proceed *in forma pauperis* ("IFP"), in

accordance with Local Rule 4.1.  (Id.)  The Court's Order explained Plaintiff's failure to comply with the terms of the deficiency notice will result in a recommendation that Plaintiff's civil case be dismissed.  (Id. at 2.)

The Clerk issued the deficiency notice on January 6, 2025.  (Doc. no. 3.)  The time to comply with the deficiency notice has passed, and Plaintiff did not submit the appropriate filing fee or a request to proceed IFP.  Indeed, there has been no case activity docketed since the Clerk issued the deficiency note on January 6th.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Clerk's deficiency notice when he did not submit a motion to proceed IFP or pay the filing fee.  Plaintiff's failure to comply with the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an

abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of February, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA